Núm. 7310.—CAMPILLO, ETC., apldas. *v.* VÁZQUEZ ET AL., apltes.— C. D. San Juan.        Febrero 1, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, éste y dos casos más fueron sometidos en la corte

de distrito por la misma prueba y en este tribunal por un solo alegato, siendo los únicos errores señalados los siguientes:

"*Primero.*—Que la corte cometió error al declarar sin lugar la excepción previa de falta de causa de acción.

"*Segundo.*—Que la corte cometió error manifiesto al considerar y apreciar la prueba de las partes.

"*Tercero.*—Que la corte cometió error al fallar estos casos porque tales fallos son contrarios a la preponderancia de la prueba.

"*Cuarto.*—Que la corte cometió error al imponer las costas en cada caso y especialmente al no excluir honorarios de abogado en el segundo.''

POR CUANTO, en el caso de epígrafe se alegó:

"VI.—Que en la tarde del día 7 de octubre de 1933 venía el Lic. Enrique Campillo guiando su automóvil Essex núm. 6760 por la carretera Central que de Río Piedras conduce a San Juan y es una vía pública perteneciente al Gobierno Insular de Puerto Rico, caminando el dicho Enrique Campillo a velocidad moderada, por su lado derecho de la carretera y en dirección al barrio de Santurce de esta Capital y al llegar cerca de la parada 30 de la dicha carretera en el barrio de Hato Rey de Río Piedras, el automóvil Marmon, licencia núm. 4378, propiedad de los consortes Antonio Vázquez Bruno y Beatriz Martínez, que era guiado en ese momento por el chófer Julio Lugo Quiñones (alias) 'Cubano,' placa núm. 45265, y conducía a la demandada Beatriz Martínez y caminaba rápidamente en dirección a Río Piedras, chocó tan violentamente con el automóvil Essex propiedad del Lic. Enrique Campillo, que el dicho automóvil Essex fué grandemente averiado, sufriendo el Lic. Campillo las siguientes lesiones: . . .

"VII.—Que el referido accidente se debió sola y exclusivamente a la culpable negligencia de los demandados y de su chófer, el citado Julio Lugo Quiñones, consistente la tal culpable negligencia en el hecho de que el automóvil Marmon, propiedad de los demandados, era guiado a velocidad exagerada y al desviarse de su derecha para pasar a una guagua que también iba en dirección a Río Piedras pasó a la izquierda de la carretera, que era la derecha de la carretera por donde venía el Essex, y chocó con éste violentamente destrozándolo y produciéndole al Lic. Enrique Campillo las contusiones y lesiones antes citadas que le causaron la muerte.''

POR CUANTO, los hechos así expuestos, con otros que no es necesario relacionar aquí, son suficientes, a nuestro juicio, para constituir una buena causa de acción y en tal virtud la corte de distrito no cometió el error apuntado en el primero de dichos señalamientos.

POR CUANTO, tampoco estamos conformes en que la sentencia es contraria a la preponderancia de la prueba, ni encontramos en la apreciación de la misma error tan manifiesto que exija la revocación de la sentencia apelada, ni abuso de discreción en la imposición de las costas.

Por tanto, se confirma la sentencia que dictó la Corte de Distrito de San Juan en este caso en 29 de junio de 1935.

El Juez Asociado Sr. Córdova Dávila no intervino.